IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARVEST GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-435-C |
| ) | |
| LOVE'S TRAVEL STOPS & COUNTRY ) | |
| STORES, INC., and MUSKET ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting a claim for breach of contract.* In their Answers, Defendants raised a counterclaim seeking a declaratory judgment. The parties have now filed cross-Motions for Summary Judgment, with each party arguing that it is entitled to judgment.

Plaintiff and Defendant Love's Travel Stops and Country Stores, Inc. ("Love's") entered into an Agreement for Plaintiff to explore and negotiate economic incentives on Love's behalf in areas where Love's was considering establishing a location. Pursuant to that Agreement, Plaintiff performed work related to developing incentives available to Defendants Love's and Musket Corporation ("Musket") related to construction and operation of the "RD Project" in Hastings, Nebraska. At issue in this action is the amount

---

\* Plaintiff also raised claims for quantum meruit and fraud. However, Plaintiff has withdrawn those claims.

of money due to Plaintiff for development of incentives related to the RD Project and when that money was due.  Plaintiff argues payment was due on March 25, 2020, and that Love's owes for incentives developed related to property classification/segregation tax reductions, and a sales tax refund.  Love's argues the property tax issue is not an incentive under the terms of the Agreement because Plaintiff did nothing to effect a change in the amount.  As for the sales tax refund, Love's argues only a portion of the sales tax incentive is compensable under the terms of the Agreement.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.

<u>Celotex</u>, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. <u>Thomas v. Wichita Coca-Cola Bottling Co.</u>, 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case but does not at any point shift from the nonmovant to the district court. <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## ANALYSIS

### 1. Payment Due Date

Plaintiff argues payment was due on March 25, 2020, as that was the date the Incentives Presentation Binder ("IPB") was presented to Defendants. Plaintiff asserts that the terms of the Agreement dictate that payment was due upon presentation of the IPB. Defendants assert that payment is not due until it decides to move forward with the project.

The relevant portion of the Agreement states as follows:

***Negotiation Fee*** of ten percent (10%) of the mutually agreed upon anticipated utilization of incentives/benefits approved for pursuit by Love's included in the Incentive Presentation Binder.
- o *Negotiation fee* shall be due upon Love's receipt of the Incentive Presentation Binder from Harvest. The Incentives Presentation Binder will only include incentives Love's chooses to utilize.
- o For any incentives/benefits that will be utilized in years beyond the current year, Harvest's Negotiation Fee shall be based upon the mutually agreed upon net present value of such incentive/benefits utilizing a 6% discount rate.
- o Fee amounts are not subject to adjustment based on Love's subsequent sale, abandonment, restructuring, change in business

3

>> activity, or other contingencies that may have a positive or negative effect on the incentives/benefits.

(Dkt. No. 86-1). Plaintiff points to the payment "shall be due upon Love's receipt of the Incentives Presentation Binder from Harvest" language, notes the IPB was presented to Love's on March 25, 2020, and asserts payment was due on that date. In response Defendants note that in two separate places the Agreement provides that the IPB shall only include those incentives Love's chooses to utilize. Thus, Defendants argue, the IPB was not properly presented to Love's until it contained only those incentives/benefits that Love's intended to utilize.

"'[T]he judicial function of a court of law is to enforce a contract as it is written.'" Anthis v. Sullivan Oil & Gas Co., 1921 OK 321, ¶ 6, 203 P. 187, 187-88 (citation omitted). Additionally, any ambiguities or inconsistencies in the contract are to be construed against the drafter. See Elisa McMinn v. City of Okla., 1997 OK 154, ¶ 14, 952 P.2d 517, 522. Here, the language of the Agreement provides the IPB is not considered as presented to Love's (triggering the obligation to pay) until the IPB contained only those incentives/benefits that Love's chose to utilize. The Agreement does not provide any guidance or obligation on when or how Love's is to identify what incentives/benefits it wishes to utilize. This appears to put Plaintiff at a distinct disadvantage. However, as Plaintiff is the drafter of the Agreement any inconsistencies are construed against it.

Even after recognizing there is some ambiguity on when the IBP can be considered properly presented, Defendants' argument regarding when payment became due is

4

unsupportable under the terms of the Agreement. Defendants argue that payment was not due until they decided to move forward with the project. The Court finds no support in the language of the Agreement for that position. As noted, the obligation to pay is triggered when an IPB is properly presented. It is possible that Love's could "choose to utilize" certain incentives without also deciding to move forward with the project. Clearly, the benefit of the incentive would only be realized if the project moved forward, but that is not a requirement of the contract. In that event, payment would be due under the Agreement even if the project did not move forward.

Under the clear terms of the Agreement, if the document presented on March 25, 2020, contained only those incentives/benefits that Love's chose to utilize, then that document was an IPB under the Agreement and payment was due. As noted above, there is a dispute regarding whether the document contained items that were not incentives/benefits. That dispute is resolved below. However, to the extent Defendants seek judgment on their argument that payment was not due until the incentives were utilized, their Motion will be denied.

### 2. Property Classification

Plaintiff argues that part of its effort was to secure property tax incentives for the project. Plaintiff asserts that it met with the Adams County Assessor and discussed how to classify property involved in the project in a manner that lowered Love's tax burden. Love's asserts that even if Plaintiff did some work, the undisputed evidence demonstrates that work changed nothing. Rather, according to Love's, there was no change in property

classification. Love's argues the Assessor applied the law and made applicable classifications and that process alone resulted in the determination of tax liability on the project.

There are two areas of dispute on this issue: 1) is the property classification an incentive under the Agreement, and 2) did Plaintiff negotiate or obtain a change that resulted in a benefit to Love's. The relevant portion of the Agreement states:

> Incentives come in the form of cash grants, land grants or preferential land-use terms, payment for infrastructure improvements, utility rate reductions, property tax reductions or abatements, income tax reductions or exemptions, sales or use tax reductions or exemptions, tax-increment financing, tax credits, payment for job training or employee screening assistance, wage rebates, low-cost financing, forgivable loans, or other various federal, state and local incentives.

(Dkt. No. 86-1). After considering the plain language of the Agreement, the Court finds that any change in the classification of property as a result of the efforts of Plaintiff, and which altered the tax due, is an incentive under the terms of the Agreement. The question is whether Plaintiff negotiated or otherwise acted to obtain a change in favor of Love's.

Plaintiff has produced evidence demonstrating ongoing discussion with representatives of the government for the location of the project related to determining how property should be classified for tax purposes. Those documents reflect the local County Assessor had concerns about the results of documents produced by Love's, as she thought they showed too much tax due. Plaintiff held a meeting and following that meeting the projected tax burden was substantially reduced. Love's argues this was not the result of any action of Plaintiff but merely the result of the Assessor applying the applicable law.

In support of its position, Love's relies on an Affidavit from the Assessor which supports this position. Indeed, paragraph 9 of the Affidavit states:

> The classifications in the Classification Letter were neither the result of any negotiations or agreed-upon change in approach to the property classification with any private party, nor a resolution of any dispute over the classification of the property.

(Dkt. No. 117-3). Plaintiff's arguments that this paragraph does not refute its evidence are unsupportable. The Court finds that no reasonable juror could find Plaintiff's actions changed the tax liability of Love's. Rather, as the Assessor's Affidavit makes clear, she made one and only one determination of tax liability based on her application of law to Love's project. Because Plaintiff did nothing to effect a change, the property classification cannot be considered a benefit under the Agreement. Because the document presented on March 25, 2020, contained this item as a benefit/incentive, it was not a properly-presented IPB under the terms of the Agreement. Thus, payment was not due on March 25, 2020, as argued by Plaintiff. To the extent Plaintiff seeks judgment on this issue its Motion will be denied.

### 3. Sales Tax Refund

Plaintiff sought and was paid fees under the Agreement for "reducing" the sales tax burden for building materials and other depreciable assets needed for the project. Under the applicable law, the tax must be paid in full and then if certain conditions are met, a portion of the tax can be refunded. Under the law, the refund occurs in the form of a direct refund or tax credits. Love's argues that because any refund is a direct refund or a tax

7

credit, it is not an incentive under the terms of the contract. Because Love's has already paid the amount Plaintiff sought for this "incentive," it argues it has overpaid Plaintiff.

The Court finds no merit in Love's argument. As set forth above, the Agreement contemplated tax reductions or abatements as an incentive/benefit under the Agreement. Love's suggestion that because any payment comes as a refund that it is not a reduction is unsupportable. Clearly, the amount of tax owed is reduced by operation of the tax credit law. There is no argument that Plaintiff did not negotiate and obtain this benefit for Love's. Defendants' request for Judgment on this issue will be denied. The evidence presented by the parties demonstrates that Plaintiff has been paid by Defendant for this incentive.

**4. Other Issues**

Plaintiff argues that Love's agreed to its fee via a series of emails exchanged between itself and Mr. Haines, Love's CFO. However, no reasonable juror could find those emails establish an agreement between Plaintiff and Love's for a payment of an additional $3,423,346. Rather, the emails reflect each party's position regarding any amount due under the Agreement. Plaintiff's Motion will be denied on this issue.

Plaintiff also argues that it is entitled to interest and attorney's fees. However, because the Court has determined Plaintiff is not the prevailing party, Plaintiff's arguments on these issues are moot.

Defendants filed Objections to and a Motion to Strike Certain Summary Judgment Evidence. In that Motion, Defendants sought to strike certain evidence attached in support

8

of Plaintiff's Motion for Summary Judgment from consideration by the Court. The Motion is denied. To the extent the Court considered any of the challenged evidence, that evidence was properly presented for summary judgment purposes.

Defendants also filed a "Motion to Strike Andrew Raines." That Motion is also denied. To the extent the Court considered Mr. Raines' expert report, that evidence was properly presented for summary judgment purposes.

Finally, Defendant Musket filed a Partial Motion to Dismiss, arguing the Third Amended Complaint against it must be dismissed, as Plaintiff asserted only a breach of contract claim against Musket and there is no evidence to support a contract between Musket and Plaintiff. The Motion will be stricken as moot. In ruling on the summary judgment motion, the Court has ruled against Plaintiff on its breach of contract claims. Thus, whether or not Musket was a party to that contract is immaterial.

## CONCLUSION

As set forth more fully herein, Defendants' Motion for Summary Judgment (Dkt. Nos. 71 & 72) is GRANTED in part and DENIED in part. Plaintiff was entitled to payment under the contract for sales tax refund. Defendants' Motion is denied as to that issue. In all other respects, the Motion is granted. Plaintiff's Motion for Summary Judgment (Dkt. Nos. 86 & 87) is DENIED. Defendants' Motion to Strike Andrew Raines (Dkt. Nos. 84 & 85) is DENIED. Defendants' Objections to and Motion to Strike Certain Summary Judgment Evidence (Dkt. Nos. 106 & 107) is DENIED. Defendant Musket

Corporation's Partial Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. Nos. 124 & 125) is STRICKEN as MOOT.   A separate judgment will issue.

    IT IS SO ORDERED this 20th day of September, 2022.

ROBIN J. CAUTHRON
United States District Judge