IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARVEST GROUP LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-00435-JD |
| | ) |
| LOVE'S TRAVEL STOPS & | ) |
| COUNTRY STORES, INC., and | ) |
| MUSKET CORPORATION, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Various motions are before the Court concerning next steps in this action following the Tenth Circuit's remand in *Harvest Group, LLC v. Love's Travel Stops & Country Stores, Inc.*, 90 F.4th 1271 (10th Cir. 2024). The parties seek to lift the stay of discovery from the Court's February 14, 2024, order [Doc. No. 173 ¶ 4] and set a status and scheduling conference. *See* [Doc. Nos. 189, 191, 193, 195, 199]. The Court granted the request for a status and scheduling conference by separate order. [Doc. No. 202]. Plaintiff Harvest Group, LLC ("Harvest") filed a Partially Opposed Motion for Leave to Amend and Brief in Support. [Doc. No. 188]. Defendants Love's Travel Stops & Country Stores, Inc. and Musket Corporation ("Defendants") responded in opposition. [Doc. No. 190]. Harvest replied. [Doc. No. 192]. Defendants also filed a Motion to Limit Post-Remand Discovery. [Doc. No. 196]. Harvest responded [Doc. No. 200], and Defendants replied [Doc. No. 201].

Harvest's motion for leave to amend is granted. The Court declines to consider Defendants' motion to limit discovery until Defendants comply with Local Civil Rule 37.1; it is therefore denied. The condition on the stay of discovery has been satisfied by the completion of the judicial settlement conference, *see* [Doc. No. 194], and thus, there is no stay in place. However, the Court orders the parties to confer in good faith to resolve issues on the scope of post-remand discovery before the status and scheduling conference or otherwise be prepared to discuss those issues at the conference, in line with the general backdrop on post-remand discovery set forth in this order.

I.   **BACKGROUND**

As demonstrated by the detailed background sections provided in the parties' briefs, there is a fair amount of complexity to the long factual and procedural history of this action, though the claim itself (breach of contract) is not complex. The Court need not belabor the details in this order.

To summarize, Harvest brings a claim of breach of contract against both Defendants, claiming that it substantially performed under the parties' agreement but Defendants have failed to pay. Under the agreement, Harvest was to help Love's acquire "economic development incentives" related to Love's development of a renewable diesel facility in Hastings, Nebraska. *See* [Doc. No. 119-1 at 1].[1] Harvest would earn a fee of 10 percent of the "net present value" of any "incentives/benefits" it helped Love's acquire and that Love's chose to use. [*Id.* at 2]. Harvest alleges that it is owed a fee for helping

---

[1] The Court uses page numbering from the CM/ECF stamp across the top of docket filings.

Love's acquire an "incentive/benefit" by meeting with city and county officials and obtaining a favorable property tax assessment, which greatly reduced the project's estimated tax burden from Love's projected estimate.

Both sides moved for summary judgment, and the court granted Love's motion. [Doc. No. 141]. The court ruled, in part, that the tax classification "cannot be considered a benefit under the Agreement" because the classification "was not the result of any action of Plaintiff but merely the result of the Assessor applying the applicable law." [*Id.* at 6–7]. Further, under the contract, payment is "due upon Love's receipt of the Incentives Presentation Binder ["IPB"] from Harvest," and "[o]nly the incentives Love's chooses to utilize will be included in the IPB." [Doc. No. 119-1 at 2]. The court concluded that because the tax assessment was included in the IPB, and because the assessment was not an incentive/benefit under the agreement, the IPB was never properly presented to Love's; thus, payment was not due when Harvest presented the IPB to Love's on March 25, 2020. [Doc. No. 141 at 7].

On appeal, the Tenth Circuit reversed the court's grant of summary judgment. *Harvest Group*, 90 F.4th at 1286. The court determined that the tax assessment constituted an incentive/benefit under the parties' agreement, *id.* at 1281–82, and it remanded to this Court to determine whether Harvest earned a fee based on this incentive/benefit, *see id.* at 1286. A genuine dispute of material fact exists, according to the Tenth Circuit, as to whether Harvest's efforts contributed to the lower tax assessment or the tax assessor reached her classification by mechanically applying Nebraska law. *Id.*

3

at 1282–85. The circuit also remanded for further consideration of the accrual of interest and the availability of costs and attorney's fees. *Id.* at 1285–86.

Now that the action is before the Court after remand, Harvest seeks leave to amend its complaint and requests that the Court lift its stay of discovery and Defendants seek to limit the scope of post-remand discovery.

## II.  DISCUSSION

### A.    The Court grants Harvest leave to amend its complaint.

Harvest seeks leave to file a fourth amended complaint. [Doc. No. 188]. Defendants object to one specific paragraph in the proposed amended complaint that concerns the calculation of damages. [Doc. No. 190]. Paragraph 29 of the proposed amended complaint reads:

> 29.    Moreover, on information and belief, the value of Project Pavestone—and, thus, the value of the incentives Harvest procured—has gone up considerably since this lawsuit was filed. In light of Defendants' positions in this case that they still do not owe Harvest its fee, Harvest is entitled to reap the benefit of that increased valuation. Accordingly, Harvest estimates Defendants now owe Harvest in excess of $14 million in fees (exclusive of interest, attorney fees, and costs) as of April 2024. That amount continues to grow each day Defendants illicitly withhold payment to Harvest.

[Doc. No. 188-1 ¶ 29]. According to Defendants, the Court should deny leave to amend because Harvest unduly delayed in making this allegation and such amendment would be futile. [Doc. No. 190 at 18–25].

"Allowance of an amendment is within the discretion of the district court" when amendment is sought after remand, "unless the appellate court has issued a mandate calling for amendment or its mandate has precluded amendment." *R.E.B., Inc. v. Ralston*

*Purina Co.*, 525 F.2d 749, 751 n.1 (10th Cir. 1975). Because the mandate is silent as to amendment, Federal Rule of Civil Procedure 15 controls here. Under Rule 15, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Courts must heed this mandate by affording litigants the opportunity to test their claims on the merits "[i]f the underlying facts or circumstances relied upon . . . may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, amendment should not be permitted if there exists an "apparent or declared reason" to deny the amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*

        1.    <u>Harvest has not unduly delayed in seeking to add Paragraph 29.</u>

Defendants first assert that the Court should deny leave to amend because "Harvest unduly delayed in seeking leave to add the allegations in Paragraph 29 of its Proposed Fourth Amended Complaint." [Doc. No. 190 at 21].

Although undue delay can justify denying a motion to amend, "[e]mphasis is on the adjective: 'Lateness does not of itself justify the denial of the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B.*, 525 F.2d at 751). To determine if a delay is undue, the Tenth Circuit "focuses primarily on the reasons for the delay." *Id.* at 1206. A finding of "prejudice, bad faith, futility, or . . . a substantial burden on the court" is not necessary to deny leave to amend for undue delay;

5

rather, denial "is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* at 1205–06 (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)). Under Tenth Circuit precedent,

> Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial.

*Id.* at 1206 (cleaned up). In contrast, in *Minter*, the Tenth Circuit concluded that a plaintiff's explanation for asserting an additional claim "just three weeks before the scheduled start of trial"—that "he believed [the claim] was already fairly encompassed by his pleadings"—constituted "an excusable cause for the delay, especially in light of the defendant's own dilatoriness in waiting until discovery was closed and the trial was shortly scheduled to begin to spring the fact that it was changing its position regarding a key fact in the case." *Id.* at 1206–07; *see also R.E.B.*, 525 F.2d at 752 (concluding an amendment proposed "five and one-half weeks before trial" did not constitute undue delay because "[t]he amendments did not propose substantially different issues" and "[t]he most important effect of the amendments was to refine the demands").

Harvest asserts that it "hasn't delayed in seeking amendment" because its "alternate damages allegations" in Paragraph 29 "draw on arguments Defendants raised and developed on appeal." [Doc. No. 188 at 27]. Specifically, according to Harvest, Defendants raised for the first time on appeal the argument that Harvest never presented Defendants with an Incentives Presentation Binder and the parties never agreed on Harvest's fee. [*Id.* at 26]. Harvest maintains that it is "entitled to the remainder of the

6

$7,494,910 payment that's been due since March 2020," when Harvest asserts it submitted the Incentives Presentation Binder—"plus all accrued interest, attorney fees, and costs incurred so far." [*Id.* at 22]. But Harvest asserts that Paragraph 29 pertains to "an alternate measure of relief," relying on Defendants' "newfound" argument that the parties never agreed on Harvest's fee. [*Id.* at 26]. According to Harvest, the present motion is "the first chance Harvest has had to respond to the implications of Defendants' appellate positions and update the pleadings," especially in light of the stay of discovery entered on July 19, 2021. [*Id.* at 27–28] (citing [Doc. No. 110]).

Given Harvest's proffered explanation, its delay in raising the allegations in Paragraph 29 is not undue. Harvest has put forth a "colorable argument," that it only now raises these allegations because of Defendants' litigation conduct rather than Harvest's dilatoriness, gamesmanship, or bad faith.[2] *See Minter*, 451 F.3d at 1207. Paragraph 29 does not raise a new legal claim or affect the substance of Harvest's breach of contract claim; instead, the allegations in that paragraph go toward the damages Harvest might recover if it prevails on its claim. Contrary to Defendants' assertions, allowing this amendment would not allow Harvest "to continuously move the goal line or assert theories seriatim." [Doc. No. 190 at 23]. Rule 8 provides that "a demand for the relief sought . . . may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Pleading in accordance with Rule 8 is not improperly "hav[ing] it both ways." [Doc. No. 190 at 23]. Lastly, there is no looming trial deadline; this is not a situation

---

[2] In so ruling, the Court makes no determination as to the merits of this argument. Nor does it imply that Defendants have engaged in bad-faith litigation conduct.

7

where the plaintiff has stalled until the eve of trial to raise a novel issue. Thus, undue delay does not provide a basis to deny Harvest's motion to amend.

        2.        <u>Amending the complaint to include Paragraph 29 would not be futile.</u>

Defendants next argue that Harvest's inclusion of Paragraph 29 would be futile. In support of this argument, Defendants point to a provision in the parties' agreement that provides: "Fee amounts are not subject to adjustment based on Love's subsequent sale, abandonment, restructuring, change in business activity, or other contingencies that may have a positive or negative effect on the incentives/benefits." [Doc. No. 190 at 25] (quoting [Doc. No. 72-2 at 3]). Thus, Defendants argue, "[i]f Harvest is given leave to include Paragraph 29 regarding its doubled fee calculation, its claim would be subject to dismissal because the Agreement's plain language bars such recovery." [*Id.*].

"While Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). Because "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal. . . . [t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As discussed above, Paragraph 29 does not raise an independent legal claim. The allegations contained in that paragraph go toward the measure of damages Harvest might be owed, not the elements of its cause of action for breach of contract. A challenge to the relief sought does not provide grounds for dismissal for failure to state a claim; a motion to dismiss tests the sufficiency of a claim, not the relief demanded. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) ("[T]he prayer for relief is no part of the cause of action and . . . the parties are entitled to such relief and to such judgment as the complaint . . . makes out." (quoting *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955))). Further, Harvest has raised a plausible argument that the relevant contract provision does not bar the relief sought in Paragraph 29: if the parties never agreed on Harvest's fee, it would not constitute an "adjustment" of that fee amount to consider an updated valuation of the project. *See* [Doc. No. 192 at 9–10].

Because it would not be futile to include Paragraph 29 and Harvest did not unduly delay in moving to amend, the Court grants Harvest leave to amend its complaint—including by adding proposed Paragraph 29—under Federal Rule of Civil Procedure 15(a)(2). *See* LCvR15.1 (providing that the deadline to file the amended pleading shall be within seven days of the Court's order and that the proposed pleading shall not differ from that previously submitted to the Court).

### B. Defendants' Motion to Limit Post-Remand Discovery is denied for failure to comply with Local Civil Rule 37.1.

Defendants seek to limit the scope of discovery "to discovering certain information relevant to the Property Classification Issues and the Personal Property Tax Exemption Issue." [Doc. No. 196 at 7]. Harvest opposes this motion, in part because it asserts that "Defendants haven't met and conferred with Harvest over the relief they seek in their motion, which violates LCvR37.1." [Doc. No. 200 at 14]. Defendants' motion includes a Certificate of Conference "certify[ing] that counsel for the parties conferred regarding the relief sought" in the motion and references Harvest's statement in the parties' March 6, 2024, joint status report that "there should be 'no limits' on discovery 'beyond those in the Federal Rules and any that could be reasonably gleaned from the Tenth Circuit's mandate.'" [Doc. No. 196 at 14] (quoting [Doc. No. 177 at 6]). Harvest contends that this certificate does not comply with Local Civil Rule 37.1 because "the conference Defendants' counsel references took place at least four months before the filing of Defendants' motion and pertains to the Joint Status Report . . . not to the relief currently sought." [Doc. No. 200 at 5 n.2] (emphasis omitted). Defendants reply that "nothing in LCvR37.1 states that the conference envisioned must occur within a specific amount of time prior to filing the discovery motion." [Doc. No. 201 at 7].

Defendants' motion requests that the Court limit the scope of discovery under Federal Rule of Civil Procedure 26. [Doc. No. 196 at 5–6]. Thus, as a motion "relating to discovery pursuant to Fed. R. Civ. P. 26," Defendants' motion is subject to the requirements of Local Civil Rule 37.1. Under that rule, the Court "*shall* refuse to hear

10

any such motion or objection unless counsel for movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." LCvR37.1 (emphasis added). The parties' conference pursuant to the Court's order "to confer and file a joint status report regarding the status of and next steps in this action" [Doc. No. 173 at 1] is not sufficient to satisfy Local Civil Rule 37.1 as to this particular motion. There is nothing in the joint status report suggesting that the parties met and conferred regarding the specific requests laid out in Defendants' motion. *See* [Doc. No. 196 at 10–12]. The parties must confer in good faith to make a sincere attempt to resolve this particular discovery dispute; only if they are unable to reach an agreement after this meeting will the Court intervene.

Therefore, Defendants' motion is denied without prejudice to refiling after complying with Local Civil Rule 37.1. *See Morgan v. Provident Life & Accident Ins. Co.*, No. CIV-20-180-D, 2023 WL 7927784, at *1 (W.D. Okla. Nov. 16, 2023) (denying a discovery motion under LCvR37.1 because "[t]he record does not show a serious attempt by either side to meet and confer about the disclosure and discovery issues raised by Defendant's Motion before involving the Court" and the Court believed the dispute to be "capable of resolution by counsel through reasonable, mutually cooperative efforts"); *accord Miller v. Legacy Bank*, No. CIV-20-946-D, 2022 WL 17083652 (W.D. Okla. Nov. 18, 2022).

To ensure quick and efficient resolution of discovery-related issues without judicial intervention going forward, the Court reminds the parties that, absent specific

instruction from the Tenth Circuit's mandate, Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under binding Supreme Court precedent, this provision "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). However, this provision also requires proportionality, meaning the discovery sought must be proportional to the needs of the case. And it should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "In the event that the parties—after conferring in good faith and sincerely attempting to resolve their differences without court intervention—are unable to reach a resolution and deem a discovery-related motion necessary, the motion shall set out any outstanding discovery issues in accordance with LCvR7.1(e)." *Miller*, 2022 WL 17083652, at *2.

### C. Any "stay" of discovery lifted at the conclusion of the unsuccessful judicial settlement conference under the Court's prior order.

Finally, Harvest seeks to lift the "stay" it asserts the Court imposed in its order of February 14, 2024. [Doc. No. 189 at 1]. The Court required the parties to engage in a formal ADR procedure before additional work in this action. *See* [Doc. No. 173 ¶ 4]

12

("The Court will require the parties to engage in formal ADR procedure before additional work in this action, given the parties now have the benefit of the Tenth Circuit's decision."). The parties satisfied this condition by attending a judicial settlement conference. *See* [Doc. No. 194].

Thus, the condition imposed by the Court has been satisfied and there is no stay in place. But the Court requires the parties to confer in good faith to resolve any dispute regarding the scope of post-remand discovery before the upcoming status and scheduling conference. The parties should refrain from serving discovery that implicates the disputed post-remand scope until they have met and conferred and reached an agreement, or until they present the issue to the Court at the upcoming conference.

### III.    CONCLUSION

Harvest's Motion for Leave to Amend [Doc. No. 188] is GRANTED. Defendants' Motion to Limit Post-Remand Discovery [Doc. No. 196] is DENIED without prejudice. Harvest's Motion to Lift Stay of Discovery [Doc. No. 189] is GRANTED to the extent set forth in this order. This order resolves all remaining pending motions in this action.

IT IS SO ORDERED this 25th of November 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE